UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DAVID GILLIAM,

              Plaintiff,

   v.

STATE OF CALIFORNIA; JOHN PAPPENFUS; SUSAN FLORES; KATHY MENDOZA POWERS; DEPARTMENT OF CORRECTIONS AND REHABILITATION,

              Defendants.

2:07-CV-01987-GEB-KJM

ORDER TO SHOW CAUSE AND CONTINUING STATUS (PRETRIAL SCHEDULING) CONFERENCE

        The September 24, 2007, Order Setting Status (Pretrial Scheduling) Conference ("September 24 Order") scheduled a status conference in this case for November 26, 2007, and required the parties to file a joint status report no later than fourteen days prior to the status conference. The Order further required that a status report be filed regardless of whether a joint report could be procured.[1]  No status report was filed.

---

[1] As the Order states:

    The failure of one or more of the parties to participate in the preparation of the Joint

(continued...)

1

1      Plaintiff is Ordered to Show Cause (OSC) in a writing to be
2 filed no later than 4:00 p.m. on January 8, 2008, why sanctions should
3 not be imposed against him and/or his counsel under Rule 16(f) of the
4 Federal Rules of Civil Procedure for its failure to file a timely
5 status report.
6      The written response shall also state whether Plaintiff or
7 his counsel is at fault, and whether a hearing is requested on the
8 OSC.[2]  If a hearing is requested, it will be held on January 22, 2008,
9 at 9:00 a.m., just prior to the status conference, which is
10 rescheduled to that date.  In accordance with the requirements set
11 forth in the September 24 Order, a status report shall be filed no
12 later than fourteen days prior to the status conference.
13      IT IS SO ORDERED.
14 Dated:  November 21, 2007

                                    _____
                                    GARLAND E. BURRELL, JR.
                                    United States District Judge

---

[1](...continued)
          Status Report does not excuse the other
          parties from their obligation to timely file
          a status report in accordance with this
          Order.  In the event a party fails to
          participate as ordered, the party timely
          submitting the status report shall include a
          declaration explaining why it was unable to
          obtain the cooperation of the other party or
          parties.

September 24 Order at 2 n.1.

   [2]   "If the fault lies with the attorney, that is where the
impact of sanction should be lodged.  If the fault lies with the
clients, that is where the impact of the sanction should be
lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th
Cir. 1984), cert. denied, 471 U.S. 1014 (1985).  Sometimes the
faults of attorneys, and their consequences, are visited upon
clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).

2