IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GILLIAM, ) | |
| ) | 2:07-cv-01987-GEB-JKM |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER[*] |
| ) | |
| STATE OF CALIFORNIA, DEPARTMENT OF ) | |
| CORRECTIONS AND REHABILITATION; ) | |
| JOHN PAPPENFUS; SUSAN FLORES; ) | |
| KATHY MENDOZA POWERS; and DOES ) | |
| 1 - 20, ) | |
| ) | |
| Defendants. ) | |

Defendant State of California Department of Corrections and Rehabilitation ("CDCR") moves to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. Plaintiff opposes the motion. For the reasons stated below, the motion is granted.

STANDARD OF REVIEW

When considering such a dismissal, all material allegations in the complaint must be accepted as true and construed in the light

---

[*] This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

1

most favorable to the nonmovant.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Therefore, the nonmovant is given the benefit of every reasonable inference that can be drawn from well-pleaded allegations of the complaint.  Retail Clerks Int'l Ass'n v. Shermahorn, 373 U.S. 746, 753 n.6 (1963).

"A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory." Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984). "If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc., 806 F.2d 1393, 1401 (9th Cir. 1986).

## ANALYSIS

I. Section 1983 Claim

CDCR seeks dismissal of Plaintiff's claim under 42 U.S.C. § 1983, arguing that § 1983 applies only to a "person," and states and arms of the state, such as the CDCR, are not persons under § 1983. (Mot. at 3:13-25; Compl. at 2:21-25.)  Plaintiff rejoins, "[t]echnically the State of California cannot be sued, but its employees can and have been sued and it will likely answer for their behavior indirectly."  (Opp'n at 1:19-25.)

"'States or governmental entities that are considered []arms of the state[] for Eleventh Amendment purposes' are not persons within the meaning of § 1983."  Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989) (quoting Will v. Mich. Dep't of State

1  Police, 491 U.S. 58, 70 (1989)).  The CDCR is considered an arm of the
2  state for purposes of the Eleventh Amendment.  Moreno v. California,
3  25 F. Supp. 2d 1060, 1063 (N.D. Cal. 1998) (citing Taormina v. Cal.
4  Dep't of Corr., 946 F. Supp. 829, 831 (S.D. Cal. 1996), aff'd 132 F.3d
5  40 (9th Cir. 1997)); see also Philips v. McGrath, 2007 WL 2781270, at
6  *2 (N.D. Cal. Sept. 20, 2007) (noting that CDCR was previously known
7  as California Department of Corrections).  Accordingly, Plaintiff's
8  § 1983 claim against the CDCR is dismissed.
9  II.  Negligence/Deliberate Indifference Claim
10            CDCR also moves to dismiss Plaintiff's state law
11 negligence/deliberate indifference claim arguing that "[a] tort cause
12 of action against a state government entity or its employees is barred
13 unless a claim was timely submitted to, and was rejected by, the
14 California State Board of Control" and, in addition, "CDCR provides a
15 four level internal administrative remedy procedure which must be
16 exhausted before an inmate may file suit."  (Mot. at 4:3-18.)
17 Defendant argues that Plaintiff does not allege any facts
18 demonstrating that he satisfied these requirements.  (Id. at 5:3-6
19 (citing Cal. Gov't Code §§ 900.2, 910, 915(b), 945.4; Wright v. State,
20 122 Cal. App. 4th 659, 666-67 (2004).)  Plaintiff rejoins, "[in]
21 addition to filing a [government] tort claim while he was an inmate,
22 [Plaintiff] exhausted his administrative remedies under [the federal
23 Prison Litigation Reform Act].  Throughout his incarceration he
24 submitted [the appropriate administrative] forms on a repeat basis."
25 (Opp'n at 1:26-27; 2:1-8.)
26           The California Tort Claims Act requires that any civil
27 complaint for money or damages, including negligence claims, against
28 the state and state agencies must first be presented to and rejected

1 | by the State Board of Control.  Cal. Gov't Code §§ 900.2, 900.6,
2 | 905.2, 910, 915(b), 945.4; Munoz v. State, 33 Cal. App. 4th 1767, 1776
3 | (1995); Turner v. State, 232 Cal. App. 3d 883, 889 (1991).  Compliance
4 | with the Tort Claims Act must be affirmatively alleged in the
5 | complaint and "failure to allege compliance or circumstances excusing
6 | compliance with [this] claim presentation requirement [results in] a
7 | complaint . . . fail[ing] to state facts sufficient to constitute a
8 | cause of action."  State v. Superior Court (Bodde), 32 Cal. 4th 1234,
9 | 1245 (2004).  Plaintiff has not alleged this compliance.
10 |         Further, "[u]nder [California] law, inmates are required to
11 | exhaust administrative remedies," Wright, 122 Cal. App. 4th at 668,
12 | and "[t]he exhaustion requirement is jurisdictional: a court cannot
13 | hear a case before a litigant exhausts administrative remedies."  Id.
14 | at 664-65.  "Under a regulation promulgated by the Department [of
15 | Corrections] a prison inmate may appeal any departmental decision,
16 | action, condition, or policy adversely affecting the inmate's
17 | welfare."  Id. at 666 (citing Cal. Code Regs. tit. 15, § 3084.1(a);
18 | Cal. Penal Code § 5058).  Plaintiff has not shown that he has
19 | exhausted his administrative remedies.  Accordingly, Plaintiff's
20 | negligence/deliberate indifference claim against CDCR is dismissed.
21 |         CDCR also argues that it is immune from being exposed to
22 | liability for Plaintiff's negligence/deliberate indifference claim.
23 | (Mot. at 5:7-21.)  This issue is reached since it bears on whether
24 | Plaintiff should be given leave to amend.  CDCR argues that
25 | "Plaintiff's injury, if any, occurred while he was an inmate," and
26 | "[i]n California, public entities are not liable for injuries caused
27 | or sustained by inmates."  (Mot. at 5:20-21, 5:7-15 (citing Cal. Gov't
28 | Code § 844.6); Compl. at 4:15-16.)  Plaintiff rejoins that a public

entity is liable where its employee "'knows or has reason to know that [a] prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care.'" (Opp'n at 3:3-7 (quoting Cal. Gov't Code § 845.6).) Plaintiff alleges in his Complaint, *inter alia*, that

> plaintiff was so edemat[]ous he could barely walk and was experiencing diarrhea about 12 times a day, along with all the visible and dangerous signs of malnutrition. When plaintiff returned from Court in Yolo County in May 4, 2005, his medical chart stated he needed a gluten free diet and **immediate medical attention**. When he finally was seen by Dr. Pappenfus 14 days later, plaintiff was seriously ill.

(Compl. at 5:25-27.)

Construing these allegations in the light most favorable to Plaintiff, reasonable inferences could be drawn that he meets the requirements of California Government Code section 845.6. Accordingly, CDCR has not shown that it is immune from liability for Plaintiff's negligence/deliberate indifference claim.

## CONCLUSION

For the stated reasons, CDCR's motion to dismiss Plaintiff's § 1983 claim is granted. Accordingly, this claim is dismissed. Plaintiff's negligence/deliberate indifference claim against CDCR is also dismissed, with leave to amend, provided that an amended Complaint is filed no later than ten days after the date on which this Order is filed.

IT IS SO ORDERED.

Dated: January 10, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge

5