1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID GILLIAM, | ) | |
|       Plaintiff, | ) | 2:07-cv-01987-GEB-JKM |
| | ) | |
|     v. | ) | ORDER CONTINUING STATUS |
| | ) | (PRETRIAL SCHEDULING) |
| STATE OF CALIFORNIA, DEPARTMENT OF | ) | CONFERENCE; FEDERAL RULE OF |
| CORRECTIONS AND REHABILITATION; | ) | CIVIL PROCEDURE 4(m) NOTICE |
| JOHN PAPPENFUS; SUSAN FLORES; | ) | |
| KATHY MENDOZA POWERS; and DOES | ) | |
| 1 - 20, | ) | |
| | ) | |
|       Defendants. | ) | |

On January 10, 2008, Plaintiff and Defendant State of California Department of Corrections ("CDCR") filed a stipulation to continue the scheduling conference currently set for January 22, 2008 because "there has been no ruling as yet on Defendant CDCR's Motion to Dismiss . . . and no other defendants have appeared as yet." On January 11, 2008, an order issued granting CDCR's motion to dismiss. Therefore, the scheduling conference set for January 22, 2008 is continued to March 3, 2008, at 9:00 a.m. A further joint status

report shall be filed no later than fourteen days prior to the scheduling conference.

Plaintiff is hereby notified that this action may be dismissed without prejudice under Federal Rule of Civil Procedure 4(m) if the remaining defendants are not served within the time prescribed by Federal Rule of Civil Procedure 4(m). To avoid dismissal, a proof of service shall be filed for each of those defendants no later than January 21, 2008. If Plaintiff believes he has good cause to justify extension of Rule 4(m)'s 120-day service period for the remaining defendants, he shall file a declaration no later than January 21, 2008, showing good cause why the action should not be dismissed without prejudice.

Further, on January 7, 2008, Plaintiff filed a response to the Order to Show Cause ("OSC") issued on November 21, 2007. Plaintiff's counsel's response to the OSC indicates she was too busy and therefore "overlooked" the deadline for filing a status report that had been set in this action. "It is incumbent upon an attorney practicing in [any court] to [learn] what is expected by the court . . . and the consequences inherent in noncompliance." Aguilar-Escobar v. Immigration & Naturalization Serv., 136 F.3d 1240, 1244 (9th Cir. 1998). "It is . . . no excuse for failing to comply with [a filing requirement set forth in a Rule 16 order] that attorneys labor under the pressure of deadlines. Time is a precious luxury which, if not properly budgeted, can be a powerful foe." Id. "The cogs of the wheel of justice move much more smoothly when attorneys who practice in this court follow the rules of practice and procedure [that have been] carefully developed and adopted." Id.

No sanction is imposed at this time; however, Plaintiff's counsel is warned that a monetary sanction could be imposed if she fails to comply with a Rule 16 order again.

IT IS SO ORDERED.

Dated:  January 11, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge