```
                    IN THE UNITED STATES DISTRICT COURT

                   FOR THE EASTERN DISTRICT OF CALIFORNIA


DAVID GILLIAM,                      )
                                    )    2:07-cv-01987-GEB-JKM
               Plaintiff,           )
                                    )
          v.                        )    ORDER*
                                    )
STATE OF CALIFORNIA, DEPARTMENT OF  )
CORRECTIONS AND REHABILITATION;     )
JOHN PAPPENFUS; SUSAN FLORES;       )
KATHY MENDOZA POWERS; and DOES      )
1 - 20,                             )
                                    )
               Defendants.          )
                                    )
```

Pending is Defendants State of California Department of Corrections and Rehabilitation ("CDCR") and Kathy Mendoza Powers's (the movants are referenced collectively as "Defendants") motion to dismiss Plaintiff's state law claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may

---

   * This matter was determined to be suitable for decision without oral argument.  L.R. 78-230(h).

1

1  be granted filed on January 30, 2008.  (Mot., Dkt. No. 20.)  Plaintiff
2  opposes the motion.  For the reasons stated below, the motion is
3  denied.

PROCEDURAL HISTORY

5        Plaintiff alleges federal claims against Defendants under 42
6  U.S.C. § 1983 and state tort claims, contending that Defendants failed
7  to meet his basic nutritional and medical needs when he was
8  incarcerated at Avenal State Prison.  (Compl. ¶¶ 12, 14, 17, 29.)  In
9  a previous motion filed on November 20, 2007, CDCR sought dismissal of
10 these claims arguing, inter alia, that Plaintiff failed to exhaust
11 administrative remedies before his suit was filed.  CDCR's previous
12 motion to dismiss was granted but Plaintiff was granted leave to amend
13 his original Complaint.  (Order, Jan. 10, 2008.)
14       On January 17, 2008, Plaintiff filed an Amended Complaint in
15 which he alleges he "filed a governmental tort claim with the
16 appropriate agency, the California Victim Compensation & Government
17 Claims Board (formerly the Board of Control), and it was rejected."
18 (Am. Compl. ¶ 9.)  Plaintiff further alleges he "submitted grievances
19 to all levels" when he "submitted 602 Grievance Forms and carried his
20 complaints up to the warden."  (Id. ¶¶ 20, 22.)  Plaintiff also alleges
21 he "exhausted his administrative remedies or was excused therefrom
22 . . . either by appealing as far up as he could or by having his
23 complaint validated."  (Id. ¶¶ 23, 30.)

LEGAL STANDARDS

25       "A complaint may be dismissed as a matter of law for two
26 reasons: (1) lack of a cognizable legal theory or (2) insufficient
27 facts under a cognizable legal theory."  Robertson v. Dean Witter
28 Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984).  Under the

California Tort Claims Act, any civil complaint for money or damages against the state and state agencies must first be presented to and rejected by the State Board of Control.  Cal. Gov't Code § 900 et seq. Compliance with the Tort Claims Act must be affirmatively alleged in the complaint and "failure to allege compliance or circumstances excusing compliance with [this] claim presentation requirement [results in] a complaint . . . fail[ing] to state facts sufficient to constitute a cause of action."  State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1245 (2004).  Further, "[u]nder [California] law, inmates are required to exhaust administrative remedies," Wright v. State, 122 Cal. App. 4th 659, 668 (2004), and "[t]he exhaustion requirement is jurisdictional: a court cannot hear a case before a litigant exhausts administrative remedies."  Id. at 664-65.

## ANALYSIS

Defendants argue Plaintiff's "assertions [in his Amended Complaint] are insufficient under state law to establish proper exhaustion," because Plaintiff must state the date the claim was presented, the issues raised, the claim number, and when the claim was acted upon or rejected.  (Mot. at 1:28-2:1, 5:13-16.)  Plaintiff rejoins that he "has submitted sufficient facts to apprise defendant[s] of his allegations" and "the use of discovery [will] supply the [Defendants with] the type of detail [they are] requesting in [their] motion."  (Opp'n at 2:24-26.)

Defendants argue under Bodde that Plaintiff must "allege facts demonstrating or excusing compliance" with the Tort Claims Act. (Mot. at 5:8-11 (quoting Bodde, 32 Cal. 4th at 1243).)  However, Bodde does not support Defendants' contention that detailed facts must be alleged.  Bodde, 32 Cal. 4th at 1243 ("a plaintiff must . . . allege

3

1 | in his complaint that he has complied with the claim statute" (citing
2 | <u>Burgdorf v. Funder</u>, 246 Cal. App. 2d 443, 447 (1966)).  Therefore,
3 | Defendants' motion to dismiss is denied.
4 |      IT IS SO ORDERED.
5 | Dated:  April 4, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge