IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID GILLIAM, | ) | 2:07-cv-01987-GEB-KJM |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | STATUS (PRETRIAL |
| | ) | SCHEDULING) ORDER |
| STATE OF CALIFORNIA;  JOHN | ) | |
| PAPPENFUS; SUSAN FLORES; KATHY | ) | |
| MENDOZA POWERS; DEPARTMENT OF | ) | |
| CORRECTIONS AND REHABILITATION, | ) | |
| | ) | |
| Defendants.[1] | ) | |

The status (pretrial scheduling) conference scheduled for June 9, 2008, is vacated since the parties' Joint Status Report ("JSR") indicates that the following Order should issue.[2]

DISMISSAL OF DOE DEFENDANTS

Since Plaintiff has not justified Doe defendants remaining in this action, Does 1 - 20 are dismissed.  See Order Setting Status (Pretrial Scheduling) Conference filed September 24, 2007 at 2 n.2

---

[1]    The caption has been amended according to the Dismissal of Doe Defendants portion of this Order.

[2]    A scheduling conference need not be held in every action. Fed. R. Civ. P. 16(b); 1993 Advisory Committee Notes to Fed. R. Civ. P. 16(b) ("[W]hile a scheduling order is mandated, a scheduling conference is not.").

1   (indicating that if Plaintiff or Plaintiffs fail to set forth in the
2   JSR a date by when the identities of any "Doe" defendants are expected
3   to be discovered, the claims against Doe defendants would be deemed
4   abandoned and a dismissal order would follow).

5   SERVICE, RULE 4(m) NOTICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT

6   It is unclear whether service on each Defendant has been
7   made.  Plaintiff is notified that failure to serve a Defendant within
8   Federal Rule of Civil Procedure 4(m)'s 120 day period could result in
9   an order issuing dismissing any unserved Defendant.

10  No further service, joinder of parties or amendments to
11  pleadings is permitted, except with leave of Court, good cause having
12  been shown.

13  DISCOVERY

14  All discovery shall be completed by April 24, 2009.  In this
15  context, "completed" means that all discovery shall have been
16  conducted so that all depositions have been taken and any disputes
17  relative to discovery shall have been resolved by appropriate orders,
18  if necessary, and, where discovery has been ordered, the order has
19  been complied with or, alternatively, the time allowed for such
20  compliance shall have expired.[3]

21  Plaintiff shall comply with Federal Rule of Civil Procedure
22  26(a)(2)'s initial expert witness disclosure and report requirements
23  on or before January 26, 2009, with any rebuttal expert disclosure

24

25  [3]  The parties are advised that the Magistrate Judges in the
26  Eastern District are responsible for resolving discovery disputes.  See
    Local Rule 72-302(c)(1).  Accordingly, counsel shall direct all
27  discovery-related matters to the Magistrate Judge assigned to this case.
    A party conducting discovery near the discovery "completion" date runs
28  the risk of losing the opportunity to have a judge resolve discovery
    motions pursuant to the Local Rules.

authorized under the Rule on or before February 24, 2009.   Defendants shall comply with Federal Rule of Civil Procedure 26(a)(2)'s initial expert witness disclosure and report requirements on or before February 10, 2009.  Any rebuttal expert disclosure authorized under the Rule shall be made on or before February 24, 2009.

<u>MOTION HEARING SCHEDULE</u>

The last hearing date for motions shall be June 22, 2009, at 9:00 a.m.[4]

Motions shall be filed in accordance with Local Rule 78-230(b).  Opposition papers shall be filed in accordance with Local Rule 78-230(c).  <u>Failure to comply with this local rule may be deemed consent to the motion and the Court may dispose of the motion summarily</u>.  <u>Brydges v. Lewis</u>, 18 F.3d 651, 652-53 (9th Cir. 1994). Further, failure to timely oppose a summary judgment motion may result in the granting of that motion if the movant shifts the burden to the nonmovant to demonstrate a genuine issue of material fact remains for trial.  <u>Cf.</u> <u>Marshall v. Gates</u>, 44 F.3d 722 (9th Cir. 1995).

Absent highly unusual circumstances, reconsideration of a motion is appropriate only where:

(1)  The Court is presented with newly discovered evidence that could not reasonably have been discovered prior to the filing of the party's motion or opposition papers;

(2)  The Court committed clear error or the initial decision was manifestly unjust; or

(3)  There is an intervening change in controlling law.

---

[4]   This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

1  A motion for reconsideration based on newly discovered evidence shall

2  set forth, in detail, the reason why said evidence could not

3  reasonably have been discovered prior to the filing of the party's

4  motion or opposition papers.  Motions for reconsideration shall comply

5  with Local Rule 78-230(k) in all other respects.

6          The parties are cautioned that an untimely motion

7  characterized as a motion in limine may be summarily denied.  A motion

8  in limine addresses the admissibility of evidence.

9                          FINAL PRETRIAL CONFERENCE

10          The final pretrial conference is set for August 24, 2009, at

11  11:00 a.m.  The parties are cautioned that the lead attorney who WILL

12  TRY THE CASE for each party shall attend the final pretrial

13  conference.  In addition, all persons representing themselves and

14  appearing in propria persona must attend the pretrial conference.

15          The parties are warned that non-trialworthy issues could be

16  eliminated sua sponte "[i]f the pretrial conference discloses that no

17  material facts are in dispute and that the undisputed facts entitle

18  one of the parties to judgment as a matter of law."  Portsmouth Square

19  v. S'holders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).

20          The parties shall file a JOINT pretrial statement no later

21  than seven (7) calendar days prior to the final pretrial conference.[5]

22  The joint pretrial statement shall specify the issues for trial and

23

24

_____

25          [5]      The failure of one or more of the parties to participate in
26  the preparation of any joint document required to be filed in this case
   does not excuse the other parties from their obligation to timely file
27  the document in accordance with this Order.  In the event a party fails
   to participate as ordered, the party or parties timely submitting the
28  document shall include a declaration explaining why they were unable to
   obtain the cooperation of the other party.

1  shall estimate the length of the trial.[6]  The Court uses the parties'
2  joint pretrial statement to prepare its final pretrial order and could
3  issue the final pretrial order without holding the scheduled final
4  pretrial conference.  See Mizwicki v. Helwig, 196 F.3d 828, 833 (7th
5  Cir. 1999) ("There is no requirement that the court hold a pretrial
6  conference.").  The final pretrial order supersedes the pleadings and
7  controls the facts and issues which may be presented at trial.  Issues
8  asserted in pleadings which are not preserved for trial in the final
9  pretrial order cannot be raised at trial.  Hotel Emp., et al. Health
10  Tr. v. Elks Lodge 1450, 827 F.2d 1324, 1329 (9th Cir. 1987) ("Issues
11  not preserved in the pretrial order are eliminated from the action.");
12  Valley Ranch Dev. Co. v. F.D.I.C., 960 F.2d 550, 554 (5th Cir. 1992)
13  (indicating that an issue omitted from the pretrial order is waived,
14  even if it appeared in the pleading); cf. Raney v. Dist. of Columbia,
15  892 F. Supp. 283 (D.D.C. 1995) (refusing to modify the pretrial order
16  to allow assertion of a previously-pled statute of limitations
17  defense); Olympia Co. v. Celotex Corp., 597 F. Supp. 285, 289 (E.D.
18  La. 1984) (indicating that "[a]ny factual contention, legal
19  contention, any claim for relief or defense in whole or in part, or
20  affirmative matter not set forth in [the pretrial statement] shall be
21  deemed . . . withdrawn, notwithstanding the contentions of any
22  pleadings or other papers previously filed [in the action]").

23          If possible, at the time of filing the joint pretrial
24  statement counsel shall also email it in a format compatible with
25  WordPerfect to: geborders@caed.uscourts.gov.

26

27          [6]  **The joint pretrial statement shall also state how much time
28  each party desires for voir dire, opening statements, and closing
arguments.**

5

<u>TRIAL SETTING</u>

Trial is set for November 10, 2009, commencing at 9:00 a.m.

<u>MISCELLANEOUS</u>

The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b), the Status (Pretrial Scheduling) Order **shall not be modified except by leave of Court upon a showing of good cause. Counsel are cautioned that a mere stipulation by itself to change dates does not constitute good cause.**

IT IS SO ORDERED.

**Dated:  May 30, 2008**

_____
GARLAND E. BURRELL, JR.
United States District Judge

6