IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
DAVID GILLIAM,                       )
                                     )   2:07-cv-01987-GEB-JKM
          Plaintiff,                 )
                                     )
     v.                              )   ORDER*
                                     )
STATE OF CALIFORNIA, DEPARTMENT OF   )
CORRECTIONS AND REHABILITATION;      )
JOHN PAPPENFUS; SUSAN FLORES;        )
and KATHY MENDOZA POWERS,            )
                                     )
          Defendants.                )
                                     )
```

Defendant State of California Department of Corrections and Rehabilitation ("CDCR") moves to dismiss this action against it under Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction. Plaintiff opposes the motion. For the reasons stated, the motion is granted.

On January 17, 2008, Plaintiff filed a First Amended Complaint containing a claim against Defendant for Negligence/Deliberate Indifference.[1] (First Am. Compl. at 4:23.) The

---

\* This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

[1] Plaintiff's First Amended Complaint also contains a claim for violation of 42 U.S.C. § 1983 against the individual Defendants Dr.
(continued...)

1

CDCR argues that it "has Eleventh Amendment immunity from suit and this Court lacks jurisdiction over the claims asserted against [it]." (Mot. at 1:27-28.)  Plaintiff counters

> [a] citizen is permitted to sue his own state if the state so allows.  The State of California has enacted statutes regulating the bringing of lawsuits against it for injuries suffered by its citizens by the acts of employees of the governmental entity.  Plaintiff brings this action within those statues.

(Opp'n at 1:20-24.)  The CDCR rejoins "[t]he issue is not whether the State of California . . . can be sued under State law.  The issue is whether the State has consented to be sued in this [federal] forum." (Reply at 1:22-24.)

The Eleventh Amendment to the United States Constitution prescribes: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const., amend. XI.  The Amendment has been interpreted to preclude suits brought by citizens against their own state as well.  <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89, 98-99 (1984).  It also bars a federal district court from exercising supplemental jurisdiction over claims brought against a state based on state law.  <u>Id.</u> at 120-21 ("[N]either pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment.").  "Eleventh Amendment sovereign immunity limits the jurisdiction of the federal courts and can be raised by a party at any time during judicial proceedings . . . ."  <u>In</u>

---

[1](...continued)
Pappenfus, Flores and Mendoza-Powers and for medical malpractice against Dr. Pappenfus. (First Am. Compl. at 2:26-3:2, 8:28.)

1  Re Jackson, 184 F.3d 1046, 1048 (9th Cir. 1999).  Further, "[a]lthough
2  a State's general waiver of sovereign immunity may subject it to suit
3  in state court, it is not enough to waive the immunity guaranteed by
4  the Eleventh Amendment."  Atascadero State Hosp. v. Scanlon, 473 U.S.
5  234, 241 (1985) (emphasis added) (superseded by statute on other
6  grounds).  In order to constitute a waiver of Eleventh Amendment
7  immunity, a state statute "must specify the State's intention to
8  subject itself to suit in *federal court*."  Id. (emphasis in original).
9          The CDCR is considered an arm of the state for purposes of
10 the Eleventh Amendment.  Moreno v. California, 25 F. Supp. 2d 1060,
11 1063 (N.D. Cal. 1998) (citing Taormina v. Cal. Dep't of Corr., 946 F.
12 Supp. 829, 831 (S.D. Cal. 1996), aff'd, 132 F.3d 40 (9th Cir. 1997));
13 see also Philips v. McGrath, 2007 WL 2781270, at *2 n.3 (N.D. Cal.
14 Sept. 20, 2007) (noting that CDCR was previously known as California
15 Department of Corrections).  Accordingly, "the CDC[R is] immune from
16 suit under the Eleventh Amendment . . . ."  Moreno, 25 F. Supp. 2d at
17 1063.  Since Plaintiff has not identified any statues in which the
18 State of California has specified its intent to subject itself to suit
19 in federal court for the claim Plaintiff brings against it, Defendant
20 CDCR's motion to dismiss for lack of jurisdiction is granted, and this
21 Defendant is dismissed as a party to this action.
22         IT IS SO ORDERED.
23 Dated:  August 8, 2008

                                  _____
                                  GARLAND E. BURRELL, JR.
                                  United States District Judge